Filed 12/30/24  P. v. Nunez CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B336601 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA379962) |
| v. | |
| DANIEL ALEXANDER NUNEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Charlaine F. Olmedo, Judge.  Affirmed.

Dee A. Hayashi, under appointment by the Court of Appeal; Daniel Nunez, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Daniel Alexander Nunez, who pleaded no contest to mayhem in 2016, appeals from the trial court's order denying his petition for resentencing under Penal Code[1] section 1172.6. His appointed appellate counsel filed an opening appellate brief raising no issues and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and described below. Nunez filed a supplemental brief, contending the trial court erred in concluding he did not make a prima facie case for relief and in denying his petition for resentencing without issuing an order to show cause and holding an evidentiary hearing. We affirm the order because section 1172.6 does not apply to convictions for mayhem and Nunez is ineligible for relief as a matter of law.

## BACKGROUND

**A.  Trials and Direct Appeal**

A first amended information, filed October 13, 2012, charged Nunez and his codefendant Victor Guillen with one count of attempted willful, deliberate, and premeditated murder (§§ 664 & 187, subd. (a)), by means of assault with a deadly weapon (a "shank"), and one count of mayhem (§ 203).[2] The amended information also alleged Nunez and Guillen personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)) and

---

[1] Undesignated statutory references are to the Penal Code.

[2] Under section 203, "Every person who unlawfully and maliciously deprives a human being of a member of his body, or disables, disfigures, or renders it useless, or cuts or disables the tongue, or puts out an eye, or slits the nose, ear, or lip, is guilty of mayhem."

2

committed the offenses for the benefit of a criminal street gang (§ 186, subd. (b)(1)(B) & (C)).[3]

An account of the factual circumstances of the incident underlying the charges is not necessary for our resolution of the legal question presented here.  For context, we note that as stated in Nunez's supplemental brief, and consistent with our prior opinion, the incident occurred while Nunez was in jail.  A deputy reported that Nunez and Guillen were involved in a physical altercation with another inmate.  (*People v. Nunez*, *supra*, B246161, pp. 3-4.)

In December 2012, a jury found Nunez and Guillen guilty of attempted willful, deliberate, and premeditated murder and mayhem, and found the great bodily injury and gang enhancement allegations to be true.  The trial court sentenced each defendant to 15 years to life in state prison.  They appealed, and we reversed their convictions for reasons not relevant to the present appeal.  (*People v. Nunez*, *supra*, B246161.)

---

[3] Prior to the filing of the first amended information and the addition of a mayhem count, Nunez and Guillen were tried in this case in 2011 on a charge of attempted willful, deliberate, and premeditated attempted murder, with great bodily injury and gang enhancement allegations.  The jury could not reach a verdict as to either defendant and the court declared a mistrial.  (*People v. Nunez* (Jul. 30, 2014, B246161) [nonpub. opn.], p. 3.)  Where the record before us is silent as to the early procedural history of this case, we take our account from our opinion in Nunez's direct appeal issued after his second trial and before his no contest plea.  (*Ibid.*)

**B.     No Contest Plea to Mayhem Charge**

After the matter was remanded to the trial court and further proceedings were conducted, in September 2016, Nunez and Guillen pleaded no contest to the mayhem charge and admitted the great bodily injury and gang enhancement allegations.  At the sentencing hearing on January 11, 2017, the court sentenced them pursuant to a stipulated disposition to 18 years in state prison: the upper term of eight years for mayhem, plus 10 years for the gang enhancement.  The court stayed the term for the great bodily injury enhancement, and dismissed the attempted murder count in the interest of justice under section 1385.

**C.     Nunez's Petition for Resentencing**

In 2018, the Legislature enacted Senate Bill No. 1437, effective January 1, 2019, "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Sen. Bill No. 1437 (2017-2018 Reg. Sess.); Stats. 2018, ch. 1015, § 1(f), p. 6674; §§ 188, subd. (a)(3) & 189, subd. (e).)  Senate Bill No. 1437 amended sections 188 (defining malice) and 189 (felony murder) and added section 1170.95, now renumbered section 1172.6, which established a procedure for vacating murder convictions and resentencing defendants who could no longer be convicted of murder in light of the amendments to sections 188 and 189. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)

4

Senate Bill No. 1437 added the following provision to section 188 (Stats. 2018, ch. 1015, § 2): "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The effect of this amendment was to "eliminate[ ] natural and probable consequences liability for first and second degree murder." (*People v. Gentile* (2020) 10 Cal.5th 830, 849.)

Effective January 1, 2022, Senate Bill No. 775 amended former section 1170.95, subdivision (a) to provide, among other things, that the statute applies to individuals convicted of murder on a "theory under which malice is imputed to a person based solely on that person's participation in a crime," attempted murder "under the natural and probable consequences," and manslaughter. (Sen. Bill No. 775 (2021-2022 Reg. Sess.); Stats. 2021, ch. 551, § 2.)

In June 2023, Nunez, as a self-represented litigant, filed a form petition for resentencing under section 1172.6. He checked all boxes on the preprinted form, requesting appointment of counsel and declaring: (1) an information was filed against him "that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences;" (2) he "was convicted of **murder**, **attempted murder**, or **manslaughter** following a trial or [he] accepted a plea offer in lieu of a trial at which [he] could have been convicted of murder or attempted murder;" and (3) he "could not presently

5

be convicted of murder or attempted murder because of changes made to [sections] 188 and 189, effective January 1, 2019." (Emphasis in original.)

The district attorney filed an "informal response," summarizing some of the facts set forth in our opinion in *People v. Nunez, supra,* B246161, and stating, without elaboration, that the "People dispute Nunez'[s] declaration, under penalty of perjury as to the facts underlying his conduct." The district attorney asked the court to deny the petition without a hearing.

The trial court appointed counsel for Nunez, and counsel filed a reply to the district attorney's informal response. Nunez stated in the reply that it was unclear from the informal response whether the People "oppos[ed] the prima facie showing and if so on what grounds." Nunez objected to the court's consideration of the statement of facts set forth in our prior opinion as summarized in the informal response, arguing such facts are not part of the record of his mayhem conviction and no contest plea. He asserted he made a prima facie case for relief in his form petition, and the court should issue an order to show cause and set an evidentiary hearing. He acknowledged he was convicted of mayhem, a crime not enumerated in section 1172.6, but he argued the statute should apply to him because "his plea was made to avoid the potential for an attempted murder conviction," a crime included in section 1172.6's resentencing scheme. He maintained, "Had the matter gone to trial, malice could have been imputed onto him based on his participation in a crime; an imputation specifically eliminated by [Senate Bill Nos.] 1437 and 775."

On December 7, 2023, the trial court held a hearing to determine if Nunez made a prima facie case for relief in the

6

petition. At the outset, the court noted, "The defendant ended up pleading to mayhem, Penal Code section 203, which is not covered by [section] 1172.6, which by its terms only applies to murder, attempt[ed] murder, and voluntary manslaughter." The court asked counsel, "So what are we doing here at all?" Both parties responded that they were submitting on the matter without argument.

For the record, the trial court summarized the procedural history of the case, which it described as a two-defendant "shanking-in-jail case." The court reiterated that section "1172.6 relief does not apply to the mayhem charge" and added, "because the defendant personally admitted that he personally inflicted great bodily injury, there is no felony murder theory of liability or natural and probable consequence theory of liability that would have applied to the charge of mayhem. And I have looked up the elements of both mayhem and the elements for [the section] 12022.7 enhancement." The court concluded Nunez was not entitled to relief as a matter of law and denied the petition.

## D.     The Present Appeal

Nunez filed a timely notice of appeal from the order denying his section 1172.6 petition, and this court appointed counsel for him. As noted, counsel filed a brief raising no issues and requesting that we follow the procedures outlined in *Delgadillo, supra*, 14 Cal.5th 216.

As set forth by our Supreme Court in *Delgadillo*, in an appeal from the denial of a section 1172.6 petition, "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing

7

on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.)

As stated in the opening appellate brief and the attached declaration by Nunez's appointed counsel, counsel wrote to Nunez, advising him of his right to file a supplemental brief and informing him that we might dismiss the appeal if he did not file a supplemental brief. Counsel represented that she would serve a copy of the brief and record on Nunez. We also sent a letter to Nunez, providing the same information and explaining that he could state in his supplemental brief any grounds for the appeal, or contentions or arguments he wanted this court to consider.

Nunez filed a supplemental brief, and under *Delgadillo* we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) "The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Ibid*.) However, an appellate court may exercise its discretion to conduct "its own independent review of the record in any individual section 1172.6 appeal." (*Ibid*.) Nunez's appellate counsel requests that this court "exercise its discretion to conduct an independent review of the record as permitted by *Delgadillo*." Evaluating the arguments raised in Nunez's supplemental brief necessitated our review of the entire record on appeal, and we have determined there is no arguable issue for appointed appellate counsel to brief.

## DISCUSSION

**A.    Section 1172.6 and Other Applicable Law**

Under section 1172.6, subdivision (a), "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [¶]  (2)  The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.  [¶]  (3)  The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

When a defendant files a facially sufficient petition under section 1172.6, the trial court must appoint counsel to represent the petitioner, allow briefing from both sides, and hold a hearing to determine whether the petitioner has made a prima facie showing for relief.  (§ 1172.6, subds. (b)-(c).)  As our Supreme Court explained:  "While the trial court may look at the record of

9

conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

If the trial court issues an order to show cause, and the parties do not stipulate to resentencing, the final step in the process is a hearing to determine if the petitioner is entitled to relief, where the trial court must vacate the petitioner's murder, attempted murder, or manslaughter conviction and resentence him or her on any remaining counts unless the prosecution can "prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d).)

"Whether the court conducted a proper inquiry under section [1172.6], subdivision (c)" at the prima facie stage—the issue before us—"is a question of statutory interpretation, which

10

we review de novo." (*People v. Harrison* (2021) 73 Cal.App.5th 429, 437.)

" ' "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning. [Citation.]" [Citation.] " 'When the language of a statute is clear, we need go no further.' [Citation.] But where a statute's terms are unclear or ambiguous, we may 'look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' " ' " (*People v. Scott* (2014) 58 Cal.4th 1415, 1421.)

**B. Nunez Is Ineligible for Relief Under Section 1172.6 as a Matter of Law**

Nunez contends he made a prima facie case for relief under section 1172.6, and we should remand the matter for the trial court to issue an order to show cause and hold an evidentiary hearing. In his supplemental brief, he argues he filed a facially sufficient form petition and the trial court erred in evaluating the credibility of his declaration, denying the petition on grounds not raised in the parties' briefing (that section 1172.6 does not apply to mayhem convictions), and misinterpreting the scope of the statute. None of these arguments is meritorious. For the reasons explained below, we conclude the court properly denied the petition because the record of Nunez's conviction demonstrates he is ineligible for resentencing relief as a matter of law.

11

As clearly stated in the statute, a prerequisite for relief under section 1172.6 is that the defendant was convicted of murder, attempted murder, or manslaughter. (§ 1172.6, subd. (a) ["A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court . . . ."].) Nunez was *not* convicted of one of these crimes; he was convicted of mayhem. The statute does not apply to him. Although he filed a form petition alleging the statute applies, the trial court did not err in making a credibility determination adverse to him because the record of his conviction refutes the allegations of his petition, without resort to impermissible fact finding proscribed by *Lewis*. (See *Lewis*, *supra*, 11 Cal.5th at p. 971 [" 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner" ' " at the prima facie stage of the section 1172.6 proceedings].)

Nunez argues section 1172.6 should apply to him because he was charged with attempted murder (along with mayhem), the prosecution could have proceeded at trial under a theory of attempted murder where malice was imputed to him based on his participation in a crime, and he pleaded no contest to mayhem to avoid potentially being convicted of attempted murder.[4] Be that

---

[4] Nunez avers there was no allegation or evidence in this case that he knew about, possessed, or used a weapon (the alleged shank) during commission of the mayhem offense, and

12

as it may, the statute would have applied in this case only if Nunez had been convicted of attempted murder, whether after trial or plea.  (See § 1172.6, subd. (a)(2) [eligibility for resentencing relief requires that the "petitioner *was convicted of murder, attempted murder, or manslaughter* following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder"], italics added.)  Instead, he pleaded no contest to mayhem and the court dismissed the attempted murder count.

Nunez interprets subdivision (a)(2) of section 1172.6, quoted above, to mean that a plea of guilty or no contest to a crime *other than* murder, attempted murder, or manslaughter brings a defendant within the scope of the statute if the defendant could have been convicted of murder or attempted murder at trial under a theory of imputed malice.  That interpretation is incorrect because it ignores the plain language of the statute and does not take into consideration the legislative intent.  By its clear terms, section 1172.6 relief only applies to convictions for murder, attempted murder, or manslaughter.  Subdivision (a)(2) is not rendered superfluous by this reading of the plain language of the statute, notwithstanding Nunez's claim to the contrary.  Rather, subdivision (a)(2) encompasses circumstances where a defendant was charged with murder and pleaded guilty or no contest to manslaughter to avoid a trial at which the prosecution could have proceeded under a theory of imputed malice.  (See Sen. Bill No. 775; Stats. 2021, ch. 551 ["This bill would expand the authorization to allow a person who

---

malice could have been imputed to him at a trial for attempted murder based on his participation in a crime.

13

was convicted of *murder* under any theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder* under the natural and probable consequences doctrine, or who was convicted of *manslaughter* when the prosecution was allowed to proceed on a theory of felony murder or murder under the natural and probable consequences doctrine, to apply to have their sentence vacated and be resentenced . . . ."], italics added.)  The statute does not apply to Nunez's mayhem conviction.  He has cited no case law applying section 1172.6 to a conviction for a crime other than murder, attempted murder, or manslaughter, and we are aware of none.

Because the record of Nunez's mayhem conviction demonstrates he is ineligible for relief under section 1172.6 as a matter of law, we affirm the order denying his petition.[5]

---

[5] Nunez raises other claims of error in his supplemental brief.  He argues the proceedings below were irregular in that the trial court allowed the district attorney to file an "informal response" to the petition—a pleading not specifically mentioned in section 1172.6.  He asserts the district attorney improperly relied on the statement of facts from our prior opinion in the informal response to refute the allegations in the petition.  He also argues the court engaged in impermissible factfinding at the prima facie stage in describing the case as a two-defendant "shanking-in-jail case."  Finally, he maintains the court erred in basing its denial of the petition, in part, on its analysis of the elements of mayhem and the great bodily injury enhancement. There is no cause for us to review the manner in which the proceedings were conducted or the court's comments because Nunez is ineligible for relief as a matter of law based on the record of his conviction, as explained above.  Accordingly, we need not address these arguments further.

14

## DISPOSITION

The December 7, 2023 order denying the section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.